## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**JOSE MARQUEZ-PONCE**,

          **Case No.:** 2:25-cv-00491-JLB-KCD

  Plaintiff,

v.

**ALL MARINE OF COLLIER COUNTY, INC.**,

  Defendant.

_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, All Marine of Collier County, Inc. ("All Marine"), by and through its undersigned counsel, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby responds in opposition to Plaintiff's Motion for Leave to Amend Complaint. Doc. 18. Plaintiff's Motion for Leave to Amend Complaint should be denied, because Plaintiff's *proposed* Amended Complaint (Doc. 18-1) is futile.

The *proposed* Amended Complaint fails to cure the deficiencies identified in Defendant's Motion to Dismiss (Doc. 11), and instead compounds them by introducing additional issues; specifically, the *proposed* Amended Complaint engages in impermissible shotgun pleading and asserts an additional claim for purported breach of an oral contract that is also entirely duplicative of Plaintiff's

1

Fair Labor Standards Act ("FLSA") claim in Count I. *See* Doc. 18-1. Accordingly, leave to amend should be denied as futile.

## I.    BACKGROUND

On June 6, 2025, Plaintiff initiated the instant action, alleging that he is a former employee of All Marine entitled to unpaid overtime compensation. *See generally* Doc. 1. While All Marine vehemently denies Plaintiff's allegations, the Complaint asserts that Plaintiff worked more than forty hours per week and was not paid at the statutorily required overtime rate. *See e.g.,* Doc. 1 at ¶¶ 22, 30.[1]

Based on these allegations, Plaintiff brought three claims, all premised on the same allegations of unpaid overtime wages:

(1) violation of the Fair Labor Standards Act ("FLSA") (Count I);

(2) Unjust Enrichment (Count II); and

(3) Quantum Meruit (Count III).

*See generally* Doc. 1.

On July 18, 2025, All Marine moved to dismiss Counts II and III with prejudice, because Counts II and III are wholly duplicative of the FLSA claim and legally barred. *See* Doc. 11. On September 9, 2025, Plaintiff filed a response in opposition to the Motion to Dismiss (Doc. 17), as well as a Motion for Leave to

---

[1] Plaintiff's Complaint contains two sets of Paragraphs 19-23. Doc. 1. The intent with this citation is to reference both Paragraphs numbered "22" in the Complaint. *Id.*

Amend Complaint (Doc. 18).  In Plaintiff's Motion for Leave to Amend Complaint, Plaintiff seeks to file an amended complaint that asserts four, rather than three, claims—all of which are, once again, premised on the same underlying allegations regarding unpaid overtime wages, including:

(1) violation of the Fair Labor Standards Act ("FLSA") (Count I);

(2) Breach of Oral Contract (Count II)

(3) Unjust Enrichment (Count III); and

(4) Quantum Meruit (Count IV).

*Compare* Doc. 18-1, *with* Doc. 1.

The *proposed* Amended Complaint does not address the deficiencies identified in Defendant's Motion to Dismiss.  *See* Doc. 11.  Instead, the *proposed* Amended Complaint adds an additional claim for breach of oral contract, which—like Counts III and IV—arise from the same underlying allegations of unpaid overtime wages as the FLSA claim in Count I.  *See* Doc. 18-1.  Plaintiff has not alleged any distinct facts or alternative legal theories that would support his claims contained in Counts II-IV, independently of the FLSA.  *Id.*  The *proposed* Amended Complaint also improperly incorporates the FLSA background allegations and portions of the FLSA claim, Count I, into subsequent counts, resulting in an impermissible shotgun pleading.  *See id.*

3

The *proposed* Amended Complaint, therefore, compounds the problems with the initial Complaint.  Doc. 18-1.  Thus, All Marine must oppose Plaintiff's Motion for Leave to Amend Complaint.  Doc. 18.

## II.   STANDARD: LEAVE TO AMEND COMPLAINT

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that Plaintiff may amend his Complaint "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. 15(a)(2).  The Court, however, need not "allow an amendment" where: (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed;" (2) "allowing amendment would cause undue prejudice to the opposing party;" or (3) "*amendment would be futile*."  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added)).

The Court may properly deny leave to amend the complaint under Rule 15(a), where, as here, the amendment would be futile.  *See Foman,* 371 U.S. at 182. Furthermore, a "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).  Indeed, when new claims should be dismissed as a

4

matter of law, a denial of a motion to leave to amend is proper.  *Hall*, 367 F.3d at 1263.

### III.    LEGAL ARGUMENT

### A. Counts II, III, and IV are Duplicative of the FLSA Claim in Count I and are Therefore Subject to Dismissal, Rendering Amendment Futile.

Plaintiff's claims in Counts II, III, and IV are each wholly duplicative of Plaintiff's FLSA claim in Count I.  Doc. 18-1.  Equitable remedies such as quantum meruit and unjust enrichment are unavailable when a plaintiff seeks redress for the same alleged harm under a statute that provides an adequate remedy at law—here, the FLSA.  *See Gomez v. Cabinet Coating Kings, LLC*, No. 2:23-cv-00550-SPC-KCD, 2024 U.S. Dist. LEXIS 156980, at *3–4 (M.D. Fla. Jan. 19, 2024) (dismissing quantum meruit and unjust enrichment claims based on the same facts as an FLSA claim); *see also Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV-MORENO, 2014 U.S. Dist. LEXIS 95618, at *7 (S.D. Fla. July 14, 2014) (holding that equitable wage claims fail when they arise from the same factual predicate as an FLSA action).

Moreover, "[a]s a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA claim."  *Garcia v. Nachon Enterprises, Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016) (granting summary judgment to the defendant on the plaintiff's claims of breach of agreement, unjust enrichment, and quantum meruit, finding that these claims "are merely the FLSA claims recast in state law terms[.]"

(citation omitted)); *see also Raza v. All VIP Care, Inc.*, No. 23-cv-81481-MATTHEWMAN, 2024 U.S. Dist. LEXIS 196164, at *5 (S.D. Fla. Oct. 29, 2024). Where, as here, new claims are subject to dismissal as a matter of law, rendering amendment futile, a denial of a motion for leave to amend is appropriate. *See Foman,* 371 U.S. at 182.

In *Gomez*, the Middle District of Florida dismissed with prejudice both quantum meruit and unjust enrichment claims, holding that the plaintiff's state-law theories were preempted by the FLSA because they "emanate[] from the same basis for [the plaintiff's] FLSA claims—which provide an 'adequate remedy at law.'" *Gomez*, 2024 U.S. Dist. LEXIS 156980, at *2 (*quoting Bule*, 2014 U.S. Dist. LEXIS 95618, at *7 (dismissing equitable claims for breach of implied agreement, unjust enrichment, and quantum meruit, and holding that "expressing the claims against [the] [d]efendant in terms of breach of implied agreement, quantum meruit, or unjust enrichment fails to render these state law claims materially distinct from the FLSA claim.")).

Plaintiff relies on two cases in his Response in Opposition to Defendant's Motion to Dismiss: *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485 (D.N.J. 2014) and *Duffie v. Mich. Grp., Inc.*, No. 14-cv-14148, 2016 U.S. Dist. LEXIS 4, at *51-52 (E.D. Mich. Jan. 4, 2016). *See* Doc. 17. While these decisions are outside of the Eleventh Circuit and not binding authority in this jurisdiction, they,

indeed, support All Marine's position that Plaintiff's state-law claims are barred where, as here, the FLSA provides an adequate legal remedy. *See Gutwirth*, 38 F. Supp. 3d at 492; *Duffie*, 2016 U.S. Dist. LEXIS 4, at *51-52.

In *Gutwirth*, the New Jersy District Court expressly denied the plaintiff's leave to amend to add proposed claims of unjust enrichment and breach of contract to a FLSA action because the proposed claims relied upon "the same set of facts and circumstances that g[a]ve rise to the FLSA overtime claim[.]"  *See Gurtwith,* 38 F. Supp. at 489, 492 (noting that "where the FLSA 'directly cover[s]' the proposed state common law claims or where the state law claims rest 'exclusively on [a party's] alleged failure' to pay overtime, several courts have concluded that such claims are preempted by the FLSA." (citations omitted)).

Likewise, the Eastern District of Michigan in *Duffie* recognized that an unjust enrichment claim cannot proceed where it is coextensive with an FLSA claim. *Duffie*, 2016 U.S. Dist. LEXIS 4, at *51-52.  The court in *Duffie* limited recovery under the unjust enrichment claim to the narrow period of time falling outside the FLSA's statute of limitations, because the FLSA otherwise provided a full, complete, and adequate remedy for the same alleged unpaid wage violations as the period that was not barred by the statute of limitations. *See Duffie,* 2016 U.S. Dist. LEXIS 4, at *51-52 (explaining that "'[w]hen a plaintiff has set forth both legal and equitable claims seeking identical relief and covering the same subject matter,

the proper course is generally dismissal of the equitable claim.'" (citations omitted)).

Thus, the authority relied upon by Plaintiff in his Response actually reinforces All Marine's position that state-law claims for breach of contract, unjust enrichment, and quantum meruit cannot proceed where, as here, Plaintiff is seeking identical relief covering the same subject matter (that is, alleged unpaid overtime) as the FLSA claim, because the FLSA already supplies a comprehensive remedy.

Here, Counts II, III, and IV of Plaintiff's *proposed* Amended Complaint are not pled based on any distinct facts or circumstances; rather, they rest entirely on the same facts as Count I: that Plaintiff worked overtime and was not compensated for hours worked over forty (40) as required under the FLSA. *Compare* Doc. 18-1, Count I, *with* Counts II-IV. Plaintiff has asserted no separate or independent promise of compensation, and no benefit of the alleged employment relationship outside of the remedies provided under the FLSA. *Id.*

As such, Plaintiff's claims in Counts II-IV merely repackage the FLSA allegations into breach of contract and equitable claims based on the same underlying factual allegations as Plaintiff's FLSA claim in Count I, and seek identical relief. *Id.* For example, in each of Counts II-IV, Plaintiff alleges that he worked over forty (40) hours per week and that All Marine failed to pay fair value

8

for Plaintiff's labor. *See* Doc. 18-1, ¶ 32 (Count II), ¶¶ 38-41 (Count III), and ¶¶ 41-44 (Count IV). These allegations are substantially the same as those in Paragraphs 20-25 of Count I, and seek identical relief. *See* Doc. 18-1. Therefore, the state claims in Counts II-IV of Plaintiff's *proposed* Amended Complaint are duplicative of Plaintiff's FLSA claim in Count I because they are based on the same allegations underlying Count I, and seek duplicative, rather than an alternative, remedy.

Furthermore, the FLSA provides an adequate remedy at law for the precise harm Plaintiff alleges: the failure to pay overtime wages at the statutorily required rate. Where such a legal remedy exists, equitable remedies like quantum meruit and unjust enrichment are unavailable unless the plaintiff can demonstrate an independent expectation of compensation beyond what was allegedly contractually agreed upon, which is not present in Plaintiff's Complaint. *See Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518–19 (11th Cir. 1994); *see also Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1314 (S.D. Fla. 2006) (rejecting the plaintiffs' quantum meruit claim because the plaintiff failed to allege any promise or expectation of additional compensation beyond the agreed-upon weekly salary; and, holding that "[a] quantum meruit action may lie where there is no enforceable express or implied-in-fact contract but where the defendant has received something of value," but not where the plaintiffs are "salaried employees" seeking compensation for work covered by the FLSA and not

accompanied by a separate promise of payment).  Moreover, the proposed breach of oral contract claim seeks relief which mirrors the relief sought by the FLSA overtime claim.  *See* Doc 18-1 *compare* ¶¶ 23-24, *with* ¶¶ 33-36.

Therefore, because Plaintiff has not alleged any additional compensation agreement or benefit conferred in Counts II-IV that would entitle him to relief beyond the relief sought pursuant to his FLSA claim in Count I, Counts II-IV are wholly duplicative of Plaintiff's FLSA claim in Count I.  *See Mitsubishi Int'l Corp.*, 14 F.3d at 1518–19; *Gomez*, 2024 U.S. Dist. LEXIS 156980, at *3–4; *Bule*, 2014 U.S. Dist. LEXIS 95618, at *7.

Accordingly, Plaintiff's Motion for Leave to Amend Complaint should be denied as futile because Counts II-IV are duplicative of Plaintiff's FLSA claim in Count I and, therefore, subject to dismissal as a matter of law.

**B.    Plaintiff's *Proposed* Amended Complaint is Futile Because it is Subject to Dismissal as an Impermissible Shotgun Pleading.**

Plaintiff's Motion for Leave to file his *proposed* Amended Complaint should also be denied as futile because the *proposed* Amended Complaint constitutes an impermissible shotgun pleading by incorporating FLSA background allegations and portions of the FLSA Count I into subsequent counts.

The Eleventh Circuit has long condemned shotgun pleadings as a severe impediment to the orderly administration of justice.  *See e.g., Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (noting that "[s]hotgun pleadings . . . exact an

10

intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources[;] [m]oreover, justice is delayed for the litigants . . . 'standing in line,' waiting for their cases to be heard.").

"The most common type [of shotgun pleading] is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (citation omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id*. at 1325 (citation omitted); *Banki v. JPMorgan Chase Bank, N.A.*, No. 3:24-cv-465-WWB-MCR, 2025 U.S. Dist. LEXIS 9298, at *3 (M.D. Fla. Jan. 17, 2025).

Here, the *proposed* Amended Complaint exemplifies this defect. Counts II through IV incorporate by reference pertinent portions of the FLSA Jurisdictional Allegations in Paragraphs 3-18, and FLSA allegations in Count I, and then restate the same factual allegations regarding alleged overtime work and unpaid

overtime wages into Counts II through IV. *See generally* Doc. 18-1. Specifically, Counts II through IV incorporate by reference Paragraphs 1-18 and 21-24 of the same allegations underlying Plaintiff's FLSA claim in Count I, including allegations defining critical FLSA jurisdictional allegations, expressly invoking the application of the FLSA into each subsequent count. *See* Doc. 18-1. Additionally, Paragraph 32 of Count II, Paragraphs 38–41 of Count III, and Paragraphs 44–47 of Count IV all allege that Plaintiff worked more than forty hours per week and was not properly paid at the statutory overtime rate—the same allegations already set forth in Paragraphs 20–25 in support of Count I (FLSA overtime violations). *See* Doc. 18-1. By restating identical allegations under different state-law theories, the *proposed* Amended Complaint forces All Marine to parse duplicative claims grounded on the same factual predicate, creating needless confusion, expense, and risk of inconsistent adjudication.

Because the *proposed* Amended Complaint indiscriminately recycles the same FLSA allegations across all counts, without delineating the factual basis unique to each claim, it is a quintessential shotgun pleading subject to dismissal. Accordingly, Plaintiff's Motion for Leave to Amend should be denied as futile on this ground as well.

## IV.    CONCLUSION

Plaintiff's *proposed* amendment is futile because Plaintiff's *proposed* Amended Complaint (Doc. 18-1) does not cure the deficiencies identified in All Marine's Motion to Dismiss (Doc. 11); and, instead, compounds them by introducing additional issues, including impermissible shotgun pleading, and asserting a fourth claim for purported breach of oral contract that is also entirely duplicative of Plaintiff's FLSA claim in Count I.

Accordingly, All Marine respectfully requests that this Court enter an Order: (i) denying Plaintiff's Motion to Leave to Amend Complaint (Doc. 18) as futile; and (ii) awarding All Marine any and further relief that the Court deems just and proper.

## V.    SUPPLEMENTAL STATEMENT REGARDING LOCAL RULE 3.01(G) CONFERRAL

On September 3-5, 2025, counsel for the Parties exchanged emails regarding Plaintiff's request to amend his Complaint.   Through conferral, All Marine's counsel advised Plaintiff's counsel that while All Marine does not oppose Plaintiff amending the Complaint, the *proposed* Amended Complaint did not address the issues raised in the Motion to Dismiss or decisions in *Gomez* and *Bule* and indeed injected new pleading issues.   Thus, All Marine's counsel could not agree to Plaintiff's Motion for Leave to Amend because the *proposed* Amended Complaint

was futile as addressed herein. Instead of engaging in further conferral, Plaintiff proceeded with filing the instant Motion for Leave to Amend. Doc. 18.

Dated this 23rd day of September 2025.

Respectfully submitted,

SPIRE LAW, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: */s/ Jamie White*
Jamie L. White, Esq.
Florida Bar No. 100018
Alyssa Castelli, Esq.
Florida Bar No. 1032306
jamie@spirelawfirm.com
alyssa@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of September, 2025, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Victor M. Arias, Esq., ARIAS LAW FIRM, P.A., 3013 Del Prado Blvd., Suite 6, Cape Coral, FL 33904, via email at varias@ariaslawfirm.com and legalassistant2@ariaslawfirm.com.

*/s/ Jamie White*
Attorney

14